CHLOE J. DAWLEY *vs.* RANDORF V. GREENE.

JUNE 7, 1946.

PRESENT: Flynn C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is an action of replevin for an automobile. A jury in the superior court returned a verdict in favor of the plaintiff and the defendant's motion for a new trial was denied by the trial justice. The case is now before the court on the defendant's single exception to that decision.

The controlling question in the case is whether or not at some time prior to July 1, 1944, which is the date of the plaintiff's writ, the defendant had made a gift *inter vivos* to her of the automobile, a two-door 1938 Ford sedan. She contends that he had done so, whereas the defendant claims that the automobile at all times belonged to him.

It appeared from the evidence that the parties, both in their thirties and both divorced, had been "keeping company" for several years before the automobile, which is the subject of this action, was purchased. In October, 1938 they went together to a dealer's place of business and the Ford sedan was purchased on a conditional sale contract. The defendant owned two small cars and one of these he turned in toward the purchase price of the above-mentioned automobile. The other car he kept. In part payment of the Ford the defendant signed eighteen promissory notes, each for $23 and due in successive months. When first bought, the automobile was registered in the defendant's name, he alone having executed the notes, which were all paid up by May, 1940.

The evidence also disclosed that each of the parties had a key for the Ford, which was used to some extent by them together, but principally by the plaintiff in going to and from her work in a mill, and at times merely for pleasure. The defendant occasionally used the automobile for his own purposes, but ordinarily he drove another small car which he had retained when the Ford was purchased. During by far

the greater part of the time while the relationship of the parties was friendly, the Ford was in the plaintiff's possession and was kept at her home.

Up to 1943 it was registered in the defendant's name. However, in that year the parties went together to the registry of motor vehicles and the car was registered in the plaintiff's name as owner. Thereafter it was registered in her name. She also paid the 1943 tax on the automobile. The plaintiff was in California for several months in 1943 and during that time the defendant had possession of and used the automobile as he desired. When the plaintiff returned, however, she retook it and used it as before. Soon after her return the defendant began to find fault with her in respect to her use of the automobile for pleasure, and particularly in connection with her companions at such times. The parties thereupon became more and more estranged and on July 1, 1944 the defendant took the automobile from the plaintiff's possession over her protest. That action was followed by the issuance of the present writ.

The plaintiff recognizes the correctness of the defendant's contention that the burden is on her to prove a gift *inter vivos* effective immediately and accompanied by delivery of possession, and she contends that the evidence shows that she has sustained that burden. In addition to the reasonable inferences and deductions which she argues may properly be drawn from the evidence as a whole, she points out that her own testimony is directly to the effect that at the time the Ford was bought the defendant stated: "This car is yours" and he also said, "I want you to have it"; and that the testimony of one of her witnesses was that the defendant several times said: "Old Woman, the car is yours and the flivver is mine." Further, she points out that the evidence is undisputed that in March 1943 the parties went together to the registry of motor vehicles and that the defendant then had her register the Ford in her own name as owner. The defendant admitted that he knew that the person registering a car in his name must certify that he is the owner. Also the plain-

tiff's testimony tended to show that she paid with her own money about one half of the monthly notes due on the Ford.

The defendant, on the other hand, denied making the statements attributed to him in respect to the ownership of the automobile when it was purchased and thereafter. He also denied that the plaintiff paid any of the notes with her own money. His explanation in regard to the change of registration in general was that this was done to better enable the plaintiff to purchase gasoline for the car, and that the federal government was raising a question about a person owning more than one car. The evidence, however, showed that the plaintiff had had no difficulty in obtaining gasoline coupons while the car was registered to the defendant. His position, in substance, was that he merely allowed the plaintiff to use the Ford for her convenience, and that when difficulties arose concerning its use she suggested buying it from him.

It thus appears that the evidence in the case was highly conflicting. The record shows that the trial justice gave careful consideration to the defendant's motion for a new trial, reviewing the evidence and then exercising his independent judgment in making his decision. In his conclusion he stated in substance that, in his opinion, the jurors were warranted in finding as they did; that they had made their decision on the evidence in the case; and that he felt the same way about the matter as they did. He pointed out that this was not a strictly commercial transaction between two persons at arm's length, but was one between two persons who apparently bore a very friendly relationship to each other. He also felt that nothing had interrupted that relationship until some time in 1943, when the defendant found fault with certain conduct of the plaintiff with respect to her use of the car. Finally he held that the plaintiff's claim of a gift *inter vivos* to her was supported by a fair preponderance of the evidence, and that the jury were warranted in drawing the inference, from all the facts and circumstances in evidence, that the defendant attempted to take back a gift which he

had previously fully made to the plaintiff, and that this he could not do.

We find nothing to indicate that the trial justice misconceived or overlooked any of the evidence. Both he and the jury had the benefit, which we do not have, of seeing and hearing the witnesses testify. In a case such as this where the chief issue is the credibility of witnesses that benefit is of the utmost value. Under all these circumstances, according to our well-established rule, the decision of the trial justice on a motion for a new trial is of persuasive force and we do not disturb it unless we find that it is clearly wrong. Upon consideration of the evidence we do not so find in the instant case.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the verdict.

*James O. Watts,* for plaintiff.

*Michael DeCiantis,* for defendant.